# CIRCUIT COURT OF LOUDOUN COUNTY

Paul Madison
and Milari Madison

v.

Loudoun County
Board of Supervisors

January 27, 2006

Case No. (Chancery) 25274

BY JUDGE THOMAS D. HORNE

In this action for declaratory and other relief, Paul and Milari Madison seek to have the Court determine the Waterford Historic District located in Loudoun County, Virginia, unlawful and invalid. Va. Code Ann. § 8.01-184. The Board of Supervisors has filed both a demurrer and plea in bar to the complaint. For the reasons stated herein, the Court will grant the plea in bar and dismiss the bill of complaint.

By letter dated June 3, 1969, William J. Murtagh, Keeper of the National Register of Historic Places of the United States Department of the Interior notified Dr. Edward P. Alexander, Chairman of the Virginia Historic Landmarks Commission that Waterford, Virginia, had been added to the National Register of Historic Places. In papers accompanying the approval, Waterford is described as follows:

> Situated in the Loudoun Valley seven miles northwest of Leesburg, the mill town of Waterford remains virtually unchanged from its eighteenth and nineteenth century appearance. Waterford is notable for the great variety of building

materials used, including brick, stone, log, and frame, as well as for the variety of architectural styles. Especially interesting are the brick mill (c. 1750); the Arch House Row of stone, brick, and wood (c. 1750); the Camelot School, a two-story log building (c. 1800); the neo-classical Baptist Church of 1850); and the romantic Victorian Presbyterian Church of 1882. A major factor in Waterford's character is unspoiled open rolling landscape which surrounds the village and enhances its integrity. . . . [t]hrough careful private preservation efforts, most of Waterford remains as it was in the nineteenth century.

Neither designation by the Commission nor registry with the United States Department of the Interior or by its Secretary compelled the Board of Supervisors to enact an ordinance protective of the area designated. *Historic Landmarks Com. v. Louisa County*, 217 Va. 468 (1976). However, that designation has served as a harbinger for later zoning decisions by the Board.

The origin of the Waterford Historic District is traced to the adoption of the Loudoun County Zoning Ordinance, effective June 21, 1972. Pursuant to the provisions of Title 15.1, Chapter 11, Article 8, of the Code of Virginia, 1950, and amendments thereto, the Board of Supervisors provided for the adoption of a county-wide rezoning, including the adoption of a Zoning Map. Among the stated purposes of the 1972 ordinance was to, "protect against the destruction of, or encroachment upon historic areas." Va. Code Ann. § 15.1-489; Loudoun County, Va., Zoning Ordinance § 102.5 (1972). In furtherance of that stated purpose, the Board of Supervisors, provided for the designation on the Zoning Map of "historic areas." Loudoun County, Va., Zoning Ordinance § 750 (1972).

The official Zoning Map that is to be read with the 1972 ordinance identifies the village of Waterford as a "historic area" (HA). As such, the village of Waterford was identified as a part of the County subject to specific regulations intended to, "protect against destruction of or encroachment upon historic areas as well as accomplish the general purposes of [the zoning ordinance]." Inclusion within a "historic area" is made dependent upon meeting one of the following requirements: inclusion in either the National Register of Historic Places or Virginia Landmarks Register. Additionally, those areas meeting local determination criteria outlined in the zoning ordinance are eligible for consideration as a "historic area."

To the extent that the complainants argue the Dillon Rule as a bar to the creation of the Waterford Historic District, that suggestion is rejected. The

Dillon Rule provides that "local governing bodies have only those powers that are expressly granted, those that are necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable." *Tabler v. Fairfax County*, 221 Va. 200, 202 (1980). Localities may, through the power to zone, regulate, restrict, permit, prohibit, and determine land uses, building limitations, lot area restrictions, and excavation of natural resources. Va. Code Ann. § 15.2-2280.

In 1973, the General Assembly enacted an amendment to repeal Va. Code Ann. § 15.1-503.1 and added Va. Code Ann. § 15.1-503.2. The repealed provision provided for the protection, perpetuation, and regulation of historical sites when authorized by local governing bodies of Albemarle County and counties having populations of more than two hundred and forty thousand. By virtue of the amendment, the number of jurisdictions authorized to enact comprehensive ordinances regulating the erection, construction, reconstruction, and demolition of buildings and structures, including signs, of historic interest was enlarged to include the counties of Accomack, Albemarle, Arlington, Isle of Wright, James City, Loudoun, Northampton, as well as counties with a population in excess of two hundred and forty thousand. In addition, the amendment provided specific directions as to how local boards of supervisors might, by ordinance, address the identification of historic properties, restrictions on structural changes, administrative oversight, and judicial review. Lastly, the legislature granted to those identified jurisdictions the right to acquire by eminent domain historic areas, landmarks, and structures, and lands where the historic value of such is about to be destroyed.

On January 2, 1974, the Attorney General was asked by the Director of State Planning and Community Affairs to express his opinion regarding the impact of the 1973 amendment on the power of other than those local governing bodies identified in the 1973 amendments to enact historic zoning ordinances. Thus, the Director queried the Attorney General:

> Does Section 15.1-503.2(a), which allows the governing bodies of Accomack, Albemarle, Arlington, Isle of Wright, James City, Loudoun, Northampton, and any county with a population exceeding two hundred forty thousand to adopt a historic zoning ordinance exclude the governing bodies of other counties not specifically mentioned from the power to enact historic zoning ordinances, as provided in Section 15.1-486, for the purpose defined in Section 15.1-489, paragraph 5?

1973-1974 Op. Atty Gen. Va. 478.

In response, the Attorney General concluded that:

> Among other enumerated purposes of zoning ordinances, § 15.1-489(5), Code of Virginia (1950), as amended, states that zoning ordinances in any county shall be designed to protect against destruction of or encroachment upon historic areas. Section 15.1-503.2 of the Code, which was enacted at a later date than § 15.1-489, allows certain counties to adopt an ordinance specifying historic landmarks and delineating an historic district adjacent to such landmark.

*Id.* at 478.

Finding the two statutes *in pari materia* and thus to be read in harmony with each other, he concluded by stating:

> It is my opinion that § § 15.1-489(5) and 15.1-503.2, which are *in pari materia*, are not absolutely irreconcilable but can be construed in such a manner that both can be given effect in harmony with each other. Section 15.1-503.2 applies only to the counties described in subparagraph (1) thereof. It contains no language which affects those counties which are not described. Therefore, all of these counties remain governed by § 15.1-489(5) and continue to have the same power to enact zoning ordinances for the protection of historic areas as they had prior to the enactment of § 15.1-503.2.

*Id.* at 478.

While the opinion does not address the impact of the amendment on then existing provisions of a zoning ordinance affecting the protection of historic areas adopted by a specifically designated jurisdiction, the opinion is clear that the legislature did not intend to repeal § 15.1-489(5) by implication. It is noted that, "if any part of the earlier act can stand as not affected by the later act, it is not repealed." *South Norfolk v. Norfolk*, 190 Va. 591, 601 (1952).

Although merely advisory, the opinions of the Attorney General take on a peculiar significance when the inquiry addressed may be the subject of later review and by implication, acquiescence, of the General Assembly. Thus, the rule of statutory construction is stated:

[w]hile not binding on [the] Court, an Opinion of the Attorney General is "entitled to due consideration." *Twietmeyer v. City of Hampton*, 255 Va. 387, 393, 497 S.E.2d 858, 861 (1998). This is particularly so when the General Assembly has known of the Attorney General's Opinion, in this case for five years, and has done nothing to change it. "The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view." *Browning-Ferris, Inc. v. Commonwealth*, 225 Va. 157, 161-62, 300 S.E.2d 603, 605-06 (1983).

*Beck v. Shelton*, 267 Va. 482, 492 (2004).

Subsequent to the publication of this opinion, the General Assembly, without addressing the issue raised by the Attorney General, repealed Va. Code Ann. § 15.1-503.2 and recodified it as Va. Code Ann. § 15.2-2306, making the provisions applicable to all localities in Virginia. Later changes to the Zoning Ordinance and Map did not change the identification of Waterford as a historic district.

The Revised Loudoun County Zoning Ordinance, and Zoning Map, effective January 7, 2003, provided for Historic Districts and Procedures. In reliance upon the provisions of Va. Code Ann. § 15.2-2306 and Loudoun County, Va., Zoning Ordinance § 6-1200 (2003), the Board continued to identify the village of Waterford as a Historic District subject to the regulations consistent with state enabling legislation. Although the Board acted in reliance upon the specific grant by the General Assembly pursuant to Va. Code Ann. § 15.2-2306 to protect historic sites and archeological areas of the County, they did so within the context of amendments to the zoning ordinance. This procedure, rather than the enactment of a "free standing" ordinance, was consistent with the approach taken by prior Boards and with the intent of the statute. As an amendment to the Zoning Ordinance and Map, any challenge to the notice given or reasonableness of the restriction was subject to timely filing. Pursuant to Va. Code Ann. § 15.2-2285, the complainants were required to file with the Circuit Court of Loudoun County the instant action challenging the amendment to the Zoning Ordinance and Map. Having failed to do so, they cannot complain as to the reasonableness of the action of the Board in the regulation of historic districts through its zoning ordinance and the mapping of the Waterford Historic District.

The Board of Supervisors of Loudoun County has historically sought to control land use and development through it zoning ordinance. Initially, the county relied upon the general legislative grant to protect historic areas. Later, it would rely upon the express legislative grant to regulate based upon the more detailed provisions of Va. Code Ann. § 15.2-2306. Local regulation of the district is not repugnant with state enabling legislation.

The instant case was initiated on September 19, 2005. Nowhere does this record suggest that the provisions of the amendment or of the district regulations are inconsistent with the express legislative grant of the General Assembly or the procedural requirements necessary to effectuation of local laws. The history of the establishment of the district and of its inclusion in the 2003 revision of the Zoning Ordinance is consistent with legislative due process. To the extent the complainants challenge the existing ordinance for failure to give proper notice of the Zoning Ordinance of 1972, the curative provisions of Va. Code Ann. § 15.2-2204 (D) defeat such a claim. As the county attorney has observed, complainants' challenge to the notice given prior to the enactment of the 1972 Ordinance fails in that the instant claim has not been timely filed, "within thirty days of such decision [of the locality]." *Id.*

Accordingly, the Plea in Bar will be sustained and the Bill of Complaint dismissed. Having disposed of the matter on the special plea, the Court need not address the issue of the demurrer.